DENIED. None of the arguments Petitioner raises - his lawyer should have made had any chance of success. The claim of ineffective assistance of counsel fails to meet, or even approach, the Strickland standard. So ordered.

Michael A. Ponsor USDJ  2-21-14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

Justin Pabon       §
   Movant,
                           Crim No. 12-CR-30024-MAP
vs                 §       Civ No. _____

United States of America
   Respondent,     §

MOVANTS PRO SE § 2255 MOTION

I. JURISDICTION

§ 2255 provides relief "only when the petitioner has demonstrated that his sentense (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack". Moreno-Morales v U.S. 334 F3d 140 at 148(1st 2003). A federal court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255.

A federal prisoner may challenge his sentece on the ground that inter alia, it was imposed in violation of the Constitution or laws of the United States. Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or ... "state conclusions instead of facts, contradict the record, or are inherently incredible. Owens v U.S. 483 F3d 48, 57(1st 2007).The First Circuit has held in U.S. v Laplante 714 F3d 641(1st 2013)(A defendant is thus ordinarily required to present his ineffective claim first to the district court in a petition under 28 U.S.C. § 2255). Movant does state for the record that he will present this court with many instances of counsel's deficient performance, and that but for counsels erro's the results would have

1.